ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 21  PM 4: 48

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICHARD SHIPMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV605-83 |
| ) | |
| DON JARRIEL, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 1.  Respondent has filed an answer (doc. 3), to which petitioner filed a reply (doc. 8).  For the reasons that follow, the Court recommends that the petition be DENIED.

## I. Background

On March 10, 1998, a Toombs County grand jury indicted petitioner on one count of malice murder.  Resp. Ex. 7, at 123-124.  A jury convicted petitioner on the sole count of the indictment on May 20, 1999.  Id. at 228.  Petitioner was sentenced to life imprisonment.  Doc. 1.

Petitioner pursued a direct appeal in the Georgia Supreme Court,

which rejected petitioner's appeal and affirmed his conviction and sentence on May 30, 2000. Sharpe v. State, 531 S.E.2d 84, 90 (Ga. 2000).

Petitioner filed a state habeas corpus petition in the Tattnall County Superior Court on March 5, 2001. Resp. Ex. 1. That court held a hearing on the petition on May 23, 2001 and denied relief in an order dated September 10, 2001. Resp. Exs. 3, 7, 8. On September 19, 2002, the Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and remanded the case to the state habeas court "for a full consideration of the issues raised and entry of an order demonstrating the applications of the appropriate legal analyses and the resulting determinations." Resp. Ex. 4. On remand, the state habeas court again denied relief in an order dated August 10, 2004. Resp. Ex. 5. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on May 9, 2005. Resp. Ex. 6.

Petitioner executed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on August 5, 2005, asserting the following grounds for relief:

1. Appellate counsel was ineffective for:
    a. failing to raise in the motion for new trial the ground that trial counsel was ineffective for failing to make a timely Bruton objection when the trial

2

        court allowed into evidence two redacted confessions made by a co-defendant, Dennis Lee Sharpe;

    b.   pursuing on appeal the trial court's denial of the motion to sever instead of raising in the motion for new trial the ground that trial counsel was ineffective for failing to file a successful motion to sever petitioner's trial.

    c.   representing petitioner while appellate counsel had a conflict of interest, in that appellate counsel hesitated to raise an ineffective assistance claim against petitioner's trial counsel.

    d.   failing to raise in the motion for new trial the ground that trial counsel was ineffective for failing to object to the introduction of statements by witness Debra Toby.

    e.   failing to raise the claim that trial counsel was ineffective for providing deficient guilty plea advice to petitioner.

2.   The state habeas court erred in finding that certain grounds that petitioner attempted to raise in his state habeas petition were procedurally defaulted, including petitioner's claim that the exception to the co-conspirator hearsay statue and Georgia's "parties to the crime" statutes, O.C.G.A. §§ 16-2-20 and 16-2-21, are unconstitutional.

3.   The state habeas court erred in finding that O.C.G.A. § 9-14-48(d) abrogated Hammock v. Zant, 243 Ga. 259 (1979) and Barnes v. State, 244 Ga. 302 (1979).

4.   The Georgia "parties to the crime" statutes and the exception to the co-conspirator hearsay statute are unconstitutional.

Doc. 1. In his reply, petitioner expressly abandons all of the above grounds for relief except for his ineffective assistance of appellate counsel claims described above as 1(a), 1(c), 1(d), and 1(e). Doc. 8. The Court therefore

will address only those four grounds for relief.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neeley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the

4

applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923-24.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v.

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R. Conf. Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

6

question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

The Eleventh Circuit has recognized that the "reasonable jurist"

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:
> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362,, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 120 S. Ct. at 1521-22 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

### III. Analysis

Petitioner raises several challenges to the adequacy of his appellate

counsel. Doc. 1. While less frequent than challenges to the effectiveness of trial counsel, claims of ineffective assistance of appellate counsel are well recognized. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). The Supreme Court has held that the test in Strickland v. Washington, 466 U.S. 668, 687 (1984), applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Additionally, the same deferential standard used to assess the effectiveness of trial counsel applies to the tactics and decisions made by counsel on appeal, as well as the reality that appellate counsel cannot argue issues that have not been preserved for appeal. Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992). The Sixth Amendment does not require

counsel to do what is unethical or legally indefensible. Counsel may also waive hopeless arguments or admit certain inculpatory facts for tactical reasons in light of the substantial evidence. See, e.g., Messer v. Kemp, 760 F.2d 1080, 1088-92 (11th Cir. 1985), cert. denied, 477 U.S. 1088 (1986) (implicit acceptance of guilt during argument was trial strategy, not ineffective assistance). Indeed, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." Heath v. Jones, 941 F.2d 1126, 1130-31 (11th Cir. 1991), cert. denied, 112 S.Ct. 981 (1992). Instead, effective advocates should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 1131 (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).

Petitioner raised grounds 1(a) and 1(c) in his original state habeas corpus petition. Resp. Ex. 1, at 10, 16. He raised grounds 1(d) and 1(e) at the hearing on that petition. Resp. Ex. 5, at 17-19. All claims that petitioner now pursues were presented to the state habeas court, which evaluated each claim on its merits under Strickland.

The state habeas court first concluded that appellate counsel made the decision about whether to raise the issue of ineffective assistance of trial counsel based on his professional evaluation of the situation and not

because of any conflict of interest or divided loyalties. Resp. Ex. 5, at 27. Then the state court discussed the remaining ineffective assistance of appellate counsel claims. The court reasoned that even if appellate counsel's performance was deficient because he failed to raise the issue of ineffective assistance of trial counsel for failing to assert a <u>Bruton</u> objection, petitioner did not meet the second prong of <u>Strickland</u>, because the error would have been found to be harmless. <u>Id.</u> at 31. Making a <u>Bruton</u> objection or proposing a redaction therefore would not have "in reasonable probability change[d] the result of [p]etitioner's trial." <u>Id.</u>

The state court also held that the evidence presented at trial was "more than sufficient to establish the conspiracy and [p]etitioner's involvement therein." <u>Id</u>. at 42. Petitioner therefore "failed to establish unreasonable performance by [appellate counsel] or actual prejudice" from the failure to allege that trial counsel was ineffective in not objecting to the introduction of coconspirator hearsay statements on the ground that the state had not shown through substantial independent evidence that petitioner was involved in a conspiracy to commit malice murder. <u>Id</u>. As to petitioner's claim that appellate counsel was ineffective for failing to

assert a claim of ineffective assistance of trial counsel because trial counsel provided deficient guilty plea advice, the state court ruled that petitioner had not shown that appellate counsel was even aware of the alleged plea offer, much less the advice that trial counsel may or may not have given petitioner regarding it. Id. at 46. Without awareness of the offer, failure to assert the issue "could [not] possibly amount to unreasonable performance by [appellate counsel]." Id.

Holding that petitioner did not "carry his burden of proof as to his claims of ineffective assistance of appellate counsel," the state habeas court denied relief. Resp. Ex. 5, at 47-48. The state court properly evaluated petitioner's contentions under existing Supreme Court precedent, and this Court may not disturb that finding. Thus, petitioner fails to state grounds upon which relief can be granted as to the claims of ineffective assistance of appellate counsel.

## IV. Conclusion

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, it is

recommended that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 21st day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA